UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| FRED NEKOUEE, individually, | : |
| Plaintiff, | : |
| vs. | : Case No. 2:18-cv-02179 |
| AVISHAKA MANAGEMENT LLC,<br>a Kansas limited liability company; | : |
| PADMA HOTEL, LLC,<br>an Oklahoma limited liability company; | : |
| OM HOTEL, LLC,<br>an Oklahoma limited liability company; | : |
| SUNNY HOTELS, LLC,<br>an Oklahoma limited liability company; | : |
| RAMJI KRUPA, LLC,<br>an Oklahoma limited liability company; | : |
| Defendants. | : |
| _____/ | : |

**COMPLAINT**
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants, AVISHAKA MANAGEMENT LLC, a Kansas limited liability company; PADMA HOTEL, LLC, an Oklahoma limited liability company; OM HOTEL, LLC, an Oklahoma limited liability company; SUNNY HOTELS, LLC, an Oklahoma limited liability company; and RAMJI KRUPA, LLC, an Oklahoma limited liability company (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant

to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Fred Nekouee, is an individual who resides in Tampa, Florida, in the County of Hillsborough.

2. Defendants' property, Days Inn, is located at 6800-6850 W. 108th Street, Overland Park, Kansas 66211, in Johnson County.

3. Venue is proper in the District of Kansas because the situs of the property lies in this judicial district. The Defendants' property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

6. Fred Nekouee travels to the Kansas City metropolitan area every three to six months to accompany his brother at heavy equipment auctions, or to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to visit his uncle or cousin who live in such area.

7. Fred Nekouee has stayed and has sought to avail himself of the services at the property which forms the basis of this lawsuit in March 2018, and he plans to return to the property to stay and to avail himself of the services offered to the public at the property since it is close to the heavy equipment auction, heavy equipment dealerships, and to the home of his uncle and

cousin whom he visits, all in the Kansas City metropolitan area.

8. Fred Nekouee likes to stay at moderately priced hotels like Days Inn, with a recognizable name, and the association of Days Inn with a well-known company like the Wyndham Hotel Group helps him know what to generally expect regarding the quality of the rooms.

9. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restrooms.

10. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to, is known as Days Inn located at 6800-6850 W. 108th Street, Overland Park, Kansas 66211 ("Days Inn").

11. Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Fred Nekouee desires to visit the Days Inn not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff Fred Nekouee

by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). Preliminary inspections of the Days Inn have shown that violations exist. The violations that Fred Nekouee personally encountered or observed on his visit to the Days Inn include, but are not limited to:

**PARKING**

a. In the parking lot, the accessible parking spaces are not located on the shortest accessible route to the accessible entrances and the route is not fully accessible in violation of Federal Law 2010 ADAAG 208.3.1.

b. In the parking lot, there are no parking spaces for disabled patrons with van accessible signage in violation of Federal Law 2010 ADAAG §§ 208.2.4 and 502.6.

c. The slope of the accessibility curb ramp sides or the curb ramp flares towards the lobby are 1:3.7 (27.3%), which slope is dangerously steeper that the maximum allowed slope of 1:10 (10%), in violation of Federal Law 2010 ADAAG § 406.3.

d. The accessibility ramp towards the lobby does not have a landing at the top of the ramp run in violation of Federal Law 2010 ADAAG § 405.7.

e. The cross slope of the walking surface towards the lobby is 1:13.5 (7.4%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 403.3.

f. The running slope of the accessibility ramp outside and across from the lobby is 1:9.1 (11%), which slope is dangerously steeper than the maximum allowed slope of 1:12 (8%), in violation of Federal Law 2010 ADAAG § 405.2.

g. The diagonal/corner curb ramp does not have a minimum bottom clear space of 48 inches (1220 mm) outside of traffic lanes, in violation of Federal Law 2010 ADAAG § 406.6.

h. Near the office, from the parking lot, the width of the walking surface (sidewalk) is 21 inches, which width is less than the required minimum width of 36 inches, and such walking surface also is blocked by boxes, in violation of Federal Law 2010 ADAAG § 403.5.1.

i. The curb ramp next to the accessible parking spaces projects into parking access aisles in violation of Federal Law 2010 ADAAG §§ 406.5 and 502.4.

j. The accessibility from the sidewalk to the lobby is blocked by steps and the running slope of the walking surface from the access aisle to the parking is 1:3.68 (27.2%), which slope is dangerously steeper than the maximum allowed slope of 1:20 (5%), in violation of Federal Law 2010 ADAAG § 403.3.

k. The slope of the surface within the lobby entrance door required maneuvering space of 60 inches is 1:33.3 (3%), which slope is steeper than the maximum allowed slope of 1:48 (2%) within the door maneuvering space, in violation of Federal Law 2010 ADAAG § 404.2.4.4.

**ENTRANCE DOOR, INTERIOR LOBBY AREA, AND COUNTER**

l. The door force needed to open the lobby door is 7 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of

force necessary to fully open a door, in violation of Federal Law 2010 ADAAG § 404.2.9.

m. The lobby door hardware (handle) requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

n. The lobby countertop throughout the facility is 48 inches above the finished floor, which height is higher than the maximum allowed counter height of 36 inches above the floor, in violation of Federal Law 2010 ADAAG § 904.4.1.

o. The lobby snack vending machine money keys are at 53 inches above the floor, which height is higher than the maximum allowed height of 48 inches above the floor when the reach depth is less than 20 inches, in violation of Federal Law 2010 ADAAG § 308.2.2.

**LOBBY RESTROOM**

p. The lobby restroom does not have the signage and international symbol of accessibility, in violation of Federal Law 2010 ADAAG § 703.7.2.1.

q. The lobby restroom door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is 5 inches, which clearance is less than the minimum clearance of 18 inches, in violation of Federal Law 2010 ADAAG § 404.2.4.

r. The lobby restroom door push side maneuvering clearance in a latch approach perpendicular to the doorway is 37 inches, which clearance is less than the minimum clearance of 42 inches, in violation of Federal Law 2010 ADAAG § 404.2.4.

s. The rear grab bar in the lobby restroom is only 18 inches long, which is less than the minimum length of 36 inches, in violation of Federal Law 2010 ADAAG § 604.5.2.

t. In the lobby restroom, the rear wall grab bar only extends 9 inches from the centerline of the water closet, which extension is less than the required minimum of 12

inches (305 mm) on one side and 24 inches (610 mm) on the other side, in violation of Federal Law 2010 ADAAG § 604.5.2.

u. The lobby restroom side wall grab bar is 36 inches long, which length is less than the required minimum of 42 inches (1065 mm), in violation of Federal Law 2010 ADAAG § 604.5.1.

v. The side wall grab bar in the lobby restroom only extends 38 inches from the rear wall, which extension is less than the minimum required 54 inches (1370), in violation of Federal Law 2010 ADAAG § 604.5.1.

w. The top gripping surface of the grab bars in the lobby restroom are at 41 and 50 inches above the finished floor, which heights are not within the required range of 33 inches (840 mm) minimum and 36 inches (915) maximum above the finished floor, in violation of Federal Law 2010 ADAAG § 609.4.

x. In the lobby restroom, the circular cross section of the grab bar on the rear wall of the water closet is only 0.5 inches and not between the minimum of 1 ¼ inches (32 mm) and a maximum of 2 inches (51 mm), in violation of Federal Law ADAAG §§ 609.2.1 and 609.2.2

y. In the lobby restroom, the paper towel dispenser outlet is 61 inches above the floor, which height is outside the reach range of an individual in a wheelchair of a minimum of 15 inches (380 mm) and a maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG § 308.2.1.

z. In the lobby restroom, the bottom edge of the mirror's reflecting surface is 46 inches above the finished floor, which height is higher than the maximum allowed height of 40 inches to permit an individual in a wheelchair to use the mirror, in violation of Federal Law

2010 ADAAG § 603.3.

aa. In the lobby restroom, the door lock requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip, in violation of Federal Law 2010 ADAAG §§ 309.4 and 404.2.7.

**ACCESSIBLE GUESTROOM**

bb. The clear floor or ground space between the bed and the drawer in the accessible guestroom is 26 inches, which clear floor space is less than the required minimum of 30 inches, in violation of Federal Law 2010 ADAAG § 305.

cc. In the accessible guestroom, the coffee maker top filling door is 52 inches above the floor and higher than the maximum reach height of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG § 308.2.

dd. The door threshold of the accessible guestroom is 1.25 inches in height, which height is greater than the allowed threshold height of 0.75 inches for existing or altered doors, in violation of Federal Law 2010 ADAAG § 404.2.5.

**RESTROOM IN ACCESSIBLE GUESTROOM**

ee. The slope of the floor or ground surface of the shower in the accessible guest restroom is 1:15.9 (6.3%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 304.2.

ff. In the accessible guest restroom, there is no grab bar above the seat in the standard roll-in type shower compartment with seat inside, in violation of Federal Law 2010 ADAAG § 608.3.2.

gg. In the accessible guest restroom, the bottom of the shower spray fixture is 68 inches above the floor and higher than the maximum of 48 inches above the floor, which

fixture cannot be moved down (requires tight grasping of the knob) or reached by an individual in a wheelchair, in violation of Federal Law 2010 ADAAG § 608.6.

hh.   In the accessible guest restroom, the existing stall width for the water closet is 42 inches, which width is less than the minimum width of 60 inches required for a wheelchair accessible compartment to provide sufficient clear floor spacing and turning space, in violation of Federal Law 2010 ADAAG §§ 604.81. and 304.3.

ii.   In the accessible guest restroom, the rear wall grab bar only extends 17 inches and 19 inches from the centerline of the water closet and does not extend the minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side, in violation of Federal Law 2010 ADAAG § 604.5.2.

jj.   In the accessible guest restroom, the rear wall grab bar is only 32 inches long, which length is less than the required minimum of 36 inches, in violation of Federal Law 2010 ADAAG § 604.5.2.

kk.   In the accessible guest restroom, the side wall grab bar is 22 inches long, which length is less than the required minimum of 42 inches (1065 mm), in violation of Federal Law 2010 § 604.5.1.

ll.   In the accessible guest restroom, the side grab bar only extends 28 inches from the rear wall, which extension is less than the minimum of 54 inches (1370 mm) from the rear wall, in violation of Federal Law 2010 ADAAG § 604.5.1.

mm.   In the accessible guest restroom, the top height of the lavatory sink is 35 inches above the floor, which height is higher than the maximum height of 34 inches, in violation of Federal Law 2010 ADAAG § 606.3.

nn.   In the accessible guest restroom, the toilet paper dispenser is outside the reach

range of an individual in a wheelchair as the dispenser centerline is 10 inches from the front of the water closet and not between the required minimum of 7 inches and maximum of 9 inches, in violation of Federal Law 2010 ADAAG § 604.7.

oo. In the accessible guest restroom, the distance from the toilet centerline to the side wall is 21 inches, which distance is not between the required distance of a minimum of 16 inches (405 mm) and a maximum of 18 inches (455 mm) from the side wall, in violation of Federal Law 2010 ADAAG § 604.2.

pp. In the accessible guest restroom, the bottom edge of the mirror's reflecting surface is 43 inches above the finished floor, which height is higher than the maximum allowed height of 40 inches to permit an individual in a wheelchair to use the mirror, in violation of Federal Law 2010 ADAAG § 603.3.

qq. In the accessible guest restroom, the water closet does not have the flush control mounted on the open and wide side of the clear flor space, in violation of Federal Law 2010 ADAAG § 604.6.

rr. In the accessible guest restroom, the door knob requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip, in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

ss. In the accessible guest restroom, the hairdryer is installed at 57 inches above the floor, which height is higher than the maximum reach height of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG § 308.2.

14. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16. Defendants have discriminated against individuals by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

18. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendants to alter the Days Inn and adjacent parking lot spaces to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such

time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a.    The Court issue a Declaratory Judgment that determines that at the commencement of the subject lawsuit the Defendants are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b.    Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates Kansas City, Kansas as the place of trial for this action.

Respectfully submitted,

s/Robert J. Vincze_____
Robert J. Vincze (KS #14101)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*